Debra J. **ERICKSON**; Gary Vander Vorst, as co-personal representatives of the Estate of David V. Erickson, Plaintiffs-Appellants,

v.

**J.C. BROMAC CORPORATION, DBA EagleRider, DBA EagleRider Inc., Defendant-Appellee.**

No. 13-35288

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2017 [*]
Seattle, Washington

Filed April 14, 2017

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Thomas Henry Boyd, Esquire, Attorney, Aimee Dayhoff, Attorney, Winthrop & Weinstine PA, Minneapolis, MN, for Plaintiffs-Appellants

Elizabeth L. Griffing, Esquire, Attorney, Axilon Law Group, PLLC, Helena, MT, T. Thomas Singer, Axilon Law Group, PLLC, Billings, MT, for Defendant-Appellee

Before: W. FLETCHER and GOULD, Circuit Judges, and BLOCK,** District Judge.

MEMORANDUM ***

1. The reference to $1 million in accident insurance in the agreement between J.C. BroMac Corporation, DBA EagleRider, DBA EagleRider Inc. ("EagleRider") and Altria Consumer Engagement Services ("Altria") was, at most, an offer to provide insurance. Since there is no evidence that the offer was accepted by either Altria or David Erickson, it was not a binding contract. *See Chipman v. Northwest Healthcare Corp., Applied Health Servs., Inc.,* 373 Mont. 360, 317 P.3d 182, 185 (2014) ("Mutual consent consists of an offer and an acceptance of that offer.").

2. Erickson accepted a different offer for accident insurance "upon the terms and conditions of the summary of coverage in the [Personal Accident Insurance/Personal Effects Coverage] brochure, a copy of which you acknowledge has been received by you." The only brochure in the record refers to $100,000 in coverage, which amount EagleRider paid. Since there is no evidence of a brochure promising $1 million in coverage, EagleRider was entitled

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

to summary judgment on Erickson's estate's claim for the higher amount.

AFFIRMED.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.